UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAI SERENE OPAL MEEKS,<br><br>              Plaintiff,<br><br>       v.<br><br>TEHAMA COUNTY,<br><br>              Defendant. | No.  2:22-cv-0522 KJM AC PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by E.D. Cal. R. 302(c)(21).  Plaintiff filed two requests for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  Permission to proceed IFP will therefore be granted.

I.  SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint

1  must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the
2  reason the case is filed in this court, rather than in a state court), (2) a short and plain statement
3  showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and
4  (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth
5  simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

6       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
8  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
9  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
10 plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von
11 Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
12 denied, 564 U.S. 1037 (2011).

13      The court applies the same rules of construction in determining whether the complaint
14 states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
15 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
16 construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
17 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
18 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
19 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
20 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
21 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
22 556 U.S. 662, 678 (2009).  To state a claim on which relief may be granted, the plaintiff must
23 allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at
24 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
25 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
26 Iqbal, 556 U.S. at 678.

27      A pro se litigant is entitled to notice of the deficiencies in the complaint and an
28 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

1  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as
2  stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II. THE COMPLAINT

Plaintiff has filed both an initial and an amended complaint. ECF Nos. 1, 11. Because the amended complaint supersedes the original, see Lacey v. Maricopa County, 693 F.3d 896, 925 (2012), that is the pleading subject to screening.

The Amended Complaint names the Tehama County Department of Social Service-CPS and the Tehama County Sheriff's Office as defendants, and is brought under 42 U.S.C. § 1983, the Indian Child Welfare Act (ICWA) and state law. ECF No. 11 at 1. All putative claims arise from the removal of plaintiff's children from her home and an ensuing dependency adjudication by the Tehama County Superior Court, Juvenile Law Division. Id. at 2-4. Plaintiff alleges that the emergency removal of the children by Sheriff's Deputies was wrongful, and she makes multiple allegations of improper conduct by the judge and the lawyers involved in the case. Id. at 2-6. The Amended Complaint presents claims identified as Improper Jurisdiction, ICWA Violations, Judicial Misconduct, Misrepresentation of Court Appointed Counsel, Due Process, Perjury Provided, Defamation of Character, and Foster Care Rights Violations.

The complaint challenges the jurisdiction of the "Juvenile Court of Law" on grounds that plaintiff is not a minor, id. at 2, 6-7, and that the ICWA deprived the Tehama County court of jurisdiction, id. at 8. With respect to ICWA, plaintiff alleges that the minors' "great great grandmother… married a Choctaw man which brought about native children" and although the minors' father notified the court about the children's native ancestry, no tribe was notified. Id. at 8. Plaintiff asks that "corrective action be taken in order to prevent any further injustices being placed upon the family." Id. at 15.

## III. ANALYSIS

The Amended Complaint fails to state any claim on which relief may be granted, for multiple reasons. As municipal entities, the Department of Social Services and the Sheriff's Department can be liable under § 1983 only for their own illegal municipal acts—such as policies that cause constitutional violations—and not for the acts of their employees. Monell v. Dep't of

3

1  Soc. Servs., 436 U.S. 658, 694 (1978); Connick v. Thompson, 563 U.S. 51, 60 (2011).  There are
2  no allegations in the Amended Complaint that even remotely suggest a Monell claim.
3  Accordingly, the complaint entirely lacks allegations to support the liability of the only named
4  defendants.  Those individuals who are alleged to have committed misconduct, on the other hand,
5  are either immune from suit altogether or cannot be sued under § 1983 for other reasons.  See
6  Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (judges are absolutely immune from civil
7  liability regarding their judicial acts); Briscoe v. LaHue, 460 U.S. 325, 335-56 (1983) (witnesses
8  are absolutely immune from civil liability for their testimony in judicial proceedings); Polk
9  County v. Dodson, 454 U.S. 312, 325 (1981) (court-appointed counsel are not persons acting
10 "under color of law" who can be liable under § 1983).

11 But the Amended Complaint suffers from a more fundamental defect: it is clear that
12 plaintiff effectively seeks to appeal the judgment in Tehama County Social Services v. Meeks.
13 With the sole exception of plaintiff's ICWA claim, which is addressed below, plaintiff's claims
14 all expressly or impliedly challenge the validity of the state court's dependency judgment.  Under
15 the Rooker-Feldman doctrine, federal courts may not exercise jurisdiction over "de facto appeals"
16 of state court orders.  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia
17 Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The Rooker-Feldman doctrine prohibits the
18 district courts from hearing cases "brought by state-court losers complaining of injuries caused by
19 state-court judgments rendered before the district court proceedings commenced and inviting
20 district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus.
21 Corp., 544 U.S. 280, 284 (2005).

22 To determine if Rooker-Feldman bars a case, the court must first determine if the federal
23 action contains a forbidden de facto appeal of a state court judicial decision.  Noel v. Hall, 341
24 F.3d 1148, 1156 (9th Cir. 2003).  If it does not, "the Rooker-Feldman inquiry ends."  Bell v. City
25 of Boise, 709 F.3d 890, 897 (9th Cir. 2013).  If the action does amount to a "forbidden de facto
26 appeal," however, the court cannot hear the de facto appeal portion of the case and, "[a]s part of
27 that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably
28 intertwined' with an issue resolved by the state court in its judicial decision."  Noel, 341 F.3d at

4

1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163. Here, plaintiff is clearly attempting to appeal state court orders to this court: the Amended Complaint asserts that various illegalities occurred during the state court decision-making process, challenges the validity of the state court judgment, and seeks relief from that judgment. With the sole exception of her ICWA claim, all of plaintiff's claims are either de facto appeals of the state court judgment or are inextricably entwined with issues resolved by the state court regarding the removal and foster care placements of plaintiff's children.

The only exception to the Rooker-Feldman bar in this case is the ICWA claim. The Ninth Circuit has expressly ruled that Rooker-Feldman does not bar claims under the ICWA. Doe v. Mann, 415 F.3d 1038, 1047 (9th Cir. 2005). However, the same case holds that in California the state exercises concurrent jurisdiction over dependency proceedings involving Indian children, including in cases of involuntary removal. Id. at 1068 ("Consistent with ICWA, California, a mandatory Public Law 280 state, has been exercising at least concurrent jurisdiction over dependency proceedings involving Indian children."). The Ninth Circuit recognized that this result might not be ideal from a policy perspective, but found that it was bound by the laws as written. Id. ("From an ultimate perspective of public policy and in furtherance of the goal of tribal sovereignty over the destiny of Indian children, a transition from Public Law 280 jurisdiction to tribal jurisdiction in child custody proceedings may well be appropriate. But we believe this is a judgment for Congress to make, not the courts.") This court is bound to follow Doe v. Mann. Because it is settled in this circuit that California courts have jurisdiction in removal proceedings regarding Indian children, plaintiff cannot prevail on her ICWA claim as a matter of law.

Absent any viable federal claim, this court need not consider and should not entertain any putative state law claims included in the Amended Complaint. See 28 U.S.C. § 1367(c); United

Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

Because it is clear from the contents of plaintiff's complaint that she cannot state a federal claim upon which relief can be granted, the complaint must be dismissed in its entirety.

### III.   LEAVE TO AMEND IS NOT APPROPRIATE

Pro se litigants must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Futile amendments should not be permitted. Klamath–Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir.1983). Here, plaintiff cannot overcome the Rooker-Feldman bar by alleging additional facts; that doctrine categorically prevents her from bringing the gravamen of her case to federal court. Plaintiff's ICWA claim also cannot be cured, as relief is precluded by binding precedent. Accordingly, leave to amend should be denied as futile.

### IV.   PRO SE PLAINTIFF'S SUMMARY

Your motion to proceed in forma pauperis is granted and you will not be charged a filing fee. However, the magistrate judge is recommending that your case be dismissed. Federal courts cannot consider lawsuits challenging state court judgments. This rule, known as the Rooker-Feldman doctrine, bars all of your claims except the ICWA claim. That claim cannot proceed because existing law establishes that California state courts do have jurisdiction to make dependency decisions regarding Indian children even in light of ICWA. The district judge will make a final ruling on this recommendation for dismissal. You may file objections to this recommendation within 21 days.

### V.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 7), is GRANTED and the duplicate application (ECF No. 5) is DENIED as MOOT.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge

6

1  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
2  after being served with these findings and recommendations, plaintiff may file written objections
3  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
4  and Recommendations."  Plaintiff is advised that failure to file objections within the specified
5  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
6  (9th Cir. 1991).
7       IT IS SO ORDERED.
8  DATED: May 5, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE